# United States Bankruptcy Court
### Western District of Texas
### Waco Division

| | |
|---|---|
| In re: Karen Lynn Hash, | Case No. 24-60670-mmp7 |
| Debtor. | Chapter 7 |

## JOINT APPLICATION TO COMPROMISE AND DISMISS ADVERSARY PROCEEDING WITH PREJUDICE

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

**Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, 800 Franklin Avenue, Room 140, Waco, Texas 76701.**

**If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing.**

**If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, Brenda Keily ("Plaintiff"), and Defendant/Debtor, Karen Lynn Hash ("Defendant"), by and through their respective undersigned counsel, respectfully file this Joint Application to Compromise and Dismiss Adversary Proceeding With Prejudice . In support thereof, the parties show the Court as follows:

1.      On February 3, 2025, Plaintiff filed a complaint initiating an adversary proceeding against Defendant. Pursuant to L. Rule 9019-1(a)(2), the style and number of the underlying adversary proceeding are as follows:

> BRENDA KEILY, Plaintiff v. KAREN LYNN HASH, Defendant; Adversary Proceeding No. 25-06001-mmp, pending before the United States Bankruptcy Court for the Western District of Texas, Waco Division.

**Identification of Causes of Action and Consideration**

2.      Pursuant to L. Rule 9019-1(b)(2), the parties identify that the underlying adversary complaint asserts claims and objections to discharge under 11 U.S.C. § 523(a)(2)(A) (exceptions to discharge for fraud/false pretenses) and 11 U.S.C. § 727 (global objection to the Debtor's discharge).

3.      Pursuant to L. Rule 9019-1(b)(2), the parties explicitly disclose that this compromise is based upon the following agreed consideration:

a.   Defendant shall pay to Plaintiff the total sum of $7,500.00;

b.   Defendant shall take all necessary legal and administrative actions to fully restore Plaintiff's equal undivided ownership interest in the subject mineral rights and royalties as they existed prior to the execution and recordation of the disputed December 9, 2020 Mineral Deed.

c.   Except as provided by these specific settlement terms, each party shall bear its own remaining costs and attorney's fees.

**Compliance with FRBP 7041 and Condition Precedent**

4.      The Parties recognize that because the underlying Complaint contains an objection to the Debtor's global discharge under 11 U.S.C. § 727, this dismissal cannot take effect except upon

notice to the United States Trustee and Chapter 7 Trustee James Studensky, and upon entry of an order by this Court containing proper terms and conditions pursuant to Federal Rule of Bankruptcy Procedure 7041.

5.      This Application and the underlying dismissal shall become final and effective only upon the expiration of the 21-day negative notice period without objection or intervention by the Chapter 7 Trustee or United States Trustee, and upon subsequent entry of a matching approval order by this Court.

6.      Concurrently with this Application, and in strict compliance with L. Rule 9019-1(c), the parties are uploading two separate proposed orders: (1) an Order approving this Application to Compromise bearing the main case style, and (2) a proposed Agreed Judgment/Order of Dismissal bearing the style of the adversary proceeding.

WHEREFORE, Plaintiff and Defendant respectfully pray that after proper notice has been given, this Honorable Court enter an order approving this Application to Compromise, enter an order dismissing Adversary Proceeding No. 25-06001-mmp with prejudice, and grant the parties all other relief to which they may be justly entitled.

Respectfully submitted:

By: */s / Thomas G. Kemmy*_____
Thomas G. Kemmy
State Bar No. 11254600
tom@kemmylaw.com
1924 N. Main Ave.
San Antonio, TX 78212
Telephone: (210)750-1019
Counsel for Plaintiff

By: */s/ Clayton L. Everett*
Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
515 E. Border St.
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Defendant

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on June 5, 2026, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record, the United States Trustee, and Chapter 7 Trustee James Studensky, and via US Mail to:

Gary Wright
Assistant United States Trustee, Region 7
Office of The United States Trustee
615 E. Houston Street, Suite 533
San Antonio, TX 78205

                                            <u>/s/ Clayton L. Everett</u>
                                            Clayton L. Everett